Jack L. JORDAN, Plaintiff—Appellant,

v.

**UNITED STATES DEPARTMENT OF LABOR, Defendant—Appellee.**

No. 08–35872.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2009.*

Filed Nov. 6, 2009.

Tom H. Foulds, Seattle, WA, for Plaintiff–Appellant.

Rolf Harry Tangvald, Office of the U.S. Attorney, Spokane, WA, for Defendant–Appellee.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

BURNS,** District Judge.

## MEMORANDUM ***

Jack Lee Jordan appeals from the district court's grant of summary judgment in favor of the United States Department of Labor ("DOL"). The DOL had denied Jordan's administrative claim seeking his share of a $150,000 lump sum payment under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA"), 42 U.S.C. § 7384–7385s–15.

The EEOICPA entitles certain Department of Energy ("DOE") workers to compensation for illnesses suffered due to exposure to radiation and other toxic substances while working at DOE facilities. Ray Willis Jordan ("Ray") was a covered DOE contractor who died of lung cancer in 2000. The parties do not dispute that he was a covered employee under EEOICPA. Ray was married to Eunice Welker Jordan, ("Eunice") who predeceased him.

Jordan lived with Eunice, his aunt, and Ray from 1949, when his mother died, until 1960, when he enlisted in the Marines. Although Ray and Eunice essentially had a parent-child relationship with Jordan, they did not adopt him.

In October 2002, Jordan filed a claim for survivor benefits under Part B of the EEOICPA, which provides that covered persons or their eligible survivors may receive compensation in the form of a $150,000 lump sum payment. 42 U.S.C. § 7384s(a)(1). When the covered claimant is deceased and there is no surviving spouse, the payment "shall be made in equal shares to all children of the covered employee who are living at the time of payment." 42 U.S.C. § 7384s(e)(1)(B).

The term "child" is defined as "a recognized natural child, a stepchild who lived with an individual in a regular parent-child relationship, and an adopted child." *Id.* § 7384s(e)(3)(B); *accord* 20 C.F.R. § 30.500(a)(2). The DOL ultimately denied Jordan's claim finding that he was not Ray's natural child, stepchild or adopted child. This decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

To the extent that Jordan did not waive his argument that the definition of child should cover him because he lived in a "regular parent-child relationship" (*see Portland Gen. Elec. Co. v. Bonneville Power Admin.*, 501 F.3d 1009, 1023 (9th Cir.2007)), the argument is not persuasive. The DOL considered alternative definitions of the term "child," but concluded that none supported an award to Jordan.

The DOL did not ignore Washington state law in determining the definition of "child" as suggested. DOL reasonably distinguished *In re Parentage of L.B.*, 155 Wash.2d 679, 122 P.3d 161 (2005), on the grounds that *In re Parentage of L.B.* concerned a state's equitable concerns with the best interests of a child, which do not enter into EEOICPA's definition of child, and addressed who can be considered a *de facto* parent, not who can be considered a *de facto* child. The DOL also reasonably rejected Jordan's argument that he was a "child" under Revised Code of Washington § 51.08.030, which is a workers' compensation provision, because Jordan was never in Ray's "legal custody" as required by that provision.

---

** The Honorable Larry A Burns, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, Jordan's argument that he has a due process right to the status of a child is not persuasive. He offers no authority that supports this assertion, as the cases he cites, such as *Moore v. City of E. Cleveland*, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977), *Smith v. Org. of Foster Families for Equal. & Reform*, 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977), and *In the Matter of the Custody of Shields, Jenny Shields*, 157 Wash.2d 126, 136 P.3d 117 (2006), either address the right of families in less-traditional configurations to associate free of intrusion by the state, or involve questions of state statutory law.

The district court's grant of summary judgment in favor of the DOL is **AFFIRMED.**